```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/19
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
EMILIANO MARCELINO JUAREZ,
                                   Plaintiff,

-against-                                        18 CIVIL 9889 (JGK)

                                      **JUDGMENT**

THIRD AVENUE FOOD GROUP, ET AL.,
                                   Defendants.
-----------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memo Endorsed Order dated August 2, 2019, the Court approves the settlement as fair and reasonable, including the award and attorneys' fees. Judgement is entered dismissing this case with prejudice in accordance with the terms of the attached settlement agreement; accordingly, the case is closed.

**Dated:** New York, New York
           August 5, 2019

                                                              RUBY J. KRAJICK
                                                             _____
                                                              Clerk of Court
                                          BY:
                                                              _____
                                                               Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EMILIANO MARCELINO JUAREZ,
*individually and on behalf of others similarly*
situated,

                        Plaintiff,                18-CV-09889

            -against-                 **SETTLEMENT AGREEMENT AND RELEASE**

THIRD AVENUE FOOD CORP. (D/B/A
TIVOLI CAFE), 283 3RD AVE. CORP. (D/B/A
TIVOLI CAFÉ), GUS KASSIMIS (A.K.A
CONSTAINOS A.K.A. CONTANTINE), AND
CARLOS DOE,

                        Defendants,
-------------------------------------------------------X

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Emiliano Marcelino Juarez ("Plaintiff Juarez") on the one hand, and Third Avenue Food Corp. (d/b/a Tivoli Café), 283 3rd Ave. Corp., ("Defendant Corporations"), Gus Kassimis, and Carlos Doe ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

      WHEREAS, Plaintiff Juarez alleges that he worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff Juarez's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 18-cv-09889 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff Juarez, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Juarez may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Juarez, the gross sum of Six Thousand Dollars and No Cents (**$6,000.00**) (the "Settlement Amount") to be paid to Plaintiff Juarez's attorneys in Four ("4") equal monthly installments, as follows:

i. For each installment, a check made by 1099 payable to Michael A. Faillace & Associates, P.C. of Five Hundred Dollars ($500.00), and a check made by 1099 payable to Emiliano Marcelino Juarez for One Thousand Dollars ($1,000.00).

The first installment being due within Thirty (30) days of court approval of this agreement and each subsequent installment being due in Thirty (30) day increments from that initial first installment payment.

Within Thirty (30) days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

The parties contemplate that Plaintiffs' counsel will apply for a finding of fairness with requested attorneys' fees for 33.3% and, further, that Plaintiff Roses shall receive from each installment that pro rata proportion of his recovery against the pro rata portion of counsel fees and costs that are ultimately approved by the Court.

2. Release and Covenant Not To Sue: Plaintiff Juarez hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Juarez at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Juarez from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Juarez relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Juarez and Defendants.

5. <u>Acknowledgments</u>: Plaintiff Juarez and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Juarez:

Michael Faillace, Esq.
**Michael Faillace & Associates, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com


To Defendants:

Andreas Koutsoudakis
**Koutsoudakis & Iakovou Law Group, PLLC**
90 Broad Street, 3rd Floor
New York, NY 10004
Tel: 212-386-7606
Email: andreas@kilawgroup.com

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Juarez agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. Tax Indemnity: Plaintiff shall be solely responsible for any taxes resulting from the payments received under this Agreement, and in the event of an audit by any taxing authority regarding payment to any plaintiff in this Agreement, such Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from any payment under this Agreement.

10. Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Juarez acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Juarez confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

11. Counterparts: To signify their agreement to the terms of this Agreement and

Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____  7-10-19
      EMILIANO MARCELINO JUAREZ         DATE

DEFENDANTS:

THIRD AVENUE FOOD CORP.
(D/B/A TIVOLI CAFE)

By: _____  _____
      GUS KASSIMIS                     DATE

By: _____  _____
      GUS KASSIMIS, Individually       DATE

By: _____  _____
      CARLOS DOE                       DATE

Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____
    EMILIANO MARCELINO JUAREZ    DATE

DEFENDANTS:

THIRD AVENUE FOOD CORP.
(D/B/A TIVOLI CAFE)

By: ___[signature]_____ 7-9-19
    GUS KASSIMIS    DATE

By: ___[signature]_____ 7-9-19
    GUS KASSIMIS, Individually    DATE

By: ___[signature]_____ 7-9-19
    CARLOS DOE    DATE

Scanned with CamScanner